NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| OMARI SHABAZZ, | : | |
| | : | Civil Action No. 12-3487 (DMC) |
| Petitioner, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| BEVERLY HASTINGS, et al., | : | |
| | : | |
| Respondents. | : | |

**APPEARANCES:**

**OMARI SHABAZZ**, Petitioner pro se
270622 / 970732A
East Jersey State Prison
Lock Bag R
Rahway, N.J. 07065

**CAVANAUGH**, District Judge

Petitioner Omari Shabazz ("Petitioner"), a prisoner currently confined at East Jersey State Prison in Rahway, New Jersey, has submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his convictions for robbery. The Respondents are Beverly Hastings and the Attorney General of the State of New Jersey.

Because it appears from a review of the Petition and its attachments that the Petition is time-barred, Petitioner will be ordered to show cause why the Petition should not be dismissed with prejudice. See 28 U.S.C. § 2243.

I. BACKGROUND

The relevant facts underlying Petitioner's conviction are

set forth in the opinion of the Superior Court of New Jersey,

Appellate Division.[1]

> An armed assailant robbed four retail stores at gunpoint
> between December 27, 1993 and January 6, 1994.   The
> stores were within a three block area, and the same modus
> operandi was employed in each case.
>
> . . .
>
> Defendant was apprehended immediately after the last
> robbery, apparently while he was attempting to flee the
> scene of the crime.

State of New Jersey v. Shabazz, A-0203-10T2 (N.J. Super. Ct. App.

Div. Oct. 5, 2011).

At the conclusion of a jury trial, Petitioner was convicted

of three counts of first degree robbery, N.J.S.A. 2C:15-1; three

counts of second degree possession of a weapon for an unlawful

purpose, N.J.S.A. 2C:39-4a; and three counts of third degree

unlawful possession of a weapon, N.J.S.A. 2C: 59-5b.   Id.   The

trial court sentenced Petitioner to consecutive fifteen year

terms in prison with five years parole ineligibility for the

robbery convictions and concurrent terms of five years in prison

for the weapons convictions.   Id.

On direct appeal, the Superior Court of New Jersey,

Appellate Division, affirmed the conviction and sentence.   State

---

[1]Pursuant to 28 U.S.C. § 2254(e)(1), "In a proceeding
instituted by an application for a writ of habeas corpus by a
person in custody pursuant to the judgment of a State court, a
determination of a factual issue made by a State court shall be
presumed to be correct. The applicant shall have the burden of
rebutting the presumption of correctness by clear and convincing
evidence."

v. Shabazz, No. A-5761-94 (App. Div. June 13, 1997).  The Supreme
Court of New Jersey denied certification on September 9, 1997.
State v. Shabazz, 151 N.J. 468 (1997). Petitioner did not seek a
writ of certiorari from the United States Supreme Court.

       Petitioner filed his first state petition for
post-conviction relief ("PCR") on April 21, 1999.  (Pet. ¶
11(a)(3).)  According to the Petition, Petitioner's PCR petition
was dismissed without prejudice on that same day for failure to
file a brief.  (Id. at ¶ 11(a)(8).)

       Petitioner filed his second state petition for
post-conviction relief on January 3, 2000.  (Id. at ¶ 11(b)(3).)
His petition was denied on December 16, 2009.  (Id. at ¶
11(b)(8).)  The Appellate Division affirmed the denial and the
New Jersey Supreme Court denied certification on March 20, 2012.
(Pet, Att. 5.)

       On June 3, 2012, Petitioner filed the instant petition.[2]

## II. DISCUSSION

### A. Legal Standard

       As amended by the Antiterrorism and Effective Death Penalty
Act of 1996 (AEDPA), 28 U.S.C. § 2254 now provides, in pertinent
part:

       (a) The Supreme Court, a Justice thereof, a circuit
       judge, or a district court shall entertain an

---

       [2]"[A] pro se prisoner's habeas petition is deemed filed at
the moment he delivers it to prison officials for mailing to the
district court."  Burns v. Morton, 134 F.3d 109, 113 (3d Cir.
1998) (citing Houston v. Lack, 487 U.S. 266 (1988)).

application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

United States Code Title 28, Section 2243 provides in relevant part as follows:

A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

Thus, "[f]ederal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." McFarland v. Scott, 512 U.S. 849, 856 (1994). See also Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition....").

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972). A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance. See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989); United States v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969). Nevertheless, a federal district court can dismiss a habeas corpus petition if it

appears from the face of the petition that the petitioner is not entitled to relief.  See Lonchar v. Thomas, 517 U.S. 314, 320 (1996); Siers v. Ryan, 773 F.2d 37, 45 (3d Cir. 1985).

Because it appears from the Petition and its attachments that the Petition is time-barred, this Court will order Petitioner to show cause why the Petition should not be dismissed.

## B. Analysis

The limitation period for a § 2254 habeas petition is set forth in 28 U.S.C. § 2244(d), which provides in pertinent part:

(1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section.

Here, Petitioner alleges no facts or arguments suggesting a later starting date than the date that the challenged judgment became final, under 28 U.S.C. § 2244(d)(1)(A).  Thus, evaluation of the timeliness of this § 2254 petition requires determination of, first, when the pertinent judgment became "final," and, second, the period of time during which any application for state post-conviction relief was "properly filed" and "pending."

A state-court criminal judgment becomes "final" within the meaning of § 2244(d)(1) by the conclusion of direct review or by the expiration of time for seeking such review, including the 90-day period for filing a petition for writ of certiorari in the United States Supreme Court.  See Swartz v. Meyers, 204 F.3d 417, 419 (3d Cir. 2000); Morris v. Horn, 187 F.3d 333, 337 n. 1 (3d Cir. 1999); U.S. Sup.Ct. R. 13.

Here, the challenged judgment became "final," and the federal habeas limitations period began to run on December 9, 1997, which is ninety days after September 9, 1997, the date the Supreme Court of New Jersey denied certification in Petitioner's direct appeal.  Thus, Petitioner had until December 9, 1998 to file his federal habeas petition, unless there were grounds for tolling.

To statutorily toll the limitations period, a state petition for post-conviction relief must be "properly filed."

> An application is "filed," as that term is commonly
> understood, when it is delivered to, and accepted by the
> appropriate court officer for placement into the official
> record. And an application is "properly filed" when its

> delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee. In some jurisdictions the filing requirements also include, for example, preconditions imposed on particular abusive filers, or on all filers generally. But in common usage, the question whether an application has been "properly filed" is quite separate from the question whether the claims contained in the application are meritorious and free of procedural bar.

Artuz v. Bennett, 531 U.S. 4, 8-9 (2000) (citations and footnote omitted) (finding that a petition was not "[im]properly filed" merely because it presented claims that were procedurally barred under New York law on the grounds that they were previously determined on the merits upon an appeal from the judgment of conviction or that they could have been raised on direct appeal but were not).

Where a state court has rejected a petition for post-conviction relief as untimely, however, it was not "properly filed" and the petitioner is not entitled to statutory tolling under § 2244(d)(2). Pace v. DiGuglielmo, 544 U.S. 408 (2005). This is so even where, in the alternative, the state court addresses the merits of the petition in addition to finding it untimely. Carey v. Saffold, 536 U.S. 214, 225-26 (2002).

An application for state post-conviction relief is considered "pending" within the meaning of § 2244(d)(2), and the limitations period is statutorily tolled from the time it is "properly filed," during the period between a lower state court's decision and the filing of a notice of appeal to a higher court,

Carey v. Saffold, 536 U.S. 214 (2002), and through the time in
which an appeal could be filed, even if the appeal is never
filed, Swartz v.. Meyers, 204 F.3d at 420-24. More specifically,
"[t]he time that an application for state post conviction review
is 'pending' includes the period between (1) a lower court's
adverse determination, and (2) the prisoner's filing of a notice
of appeal, provided that the filing of the notice of appeal is
timely under state law." Evans v. Chavis, 546 U.S. 189, 191
(2006) (finding that time between denial of post-conviction
relief and filing of appeal was not tolled where appeal was
untimely, even where state considered untimely appeal on its
merits). However, "the time during which a state prisoner may
file a petition for writ of certiorari in the United States
Supreme Court from the denial of his state post-conviction
petition does not toll the one year statute of limitations under
28 U.S.C. § 2244(d)(2)." Stokes v. District Attorney of the
Cnty. of Philadelphia, 247 F.3d 539, 542 (3d Cir. 2001).

Here, to permit tolling of the one-year limitations period
under 28 U.S.C. § 2244(d)(2), Petitioner would have had to file
his state PCR petition before the one-year period had expired, or
before December 9, 1998. Otherwise, the state PCR petition would
not serve to toll the statute of limitations. Petitioner did not
file his first PCR petition until April 21, 1999, well after the
statute of limitations had already expired. As such, it does not
appear that Petitioner is entitled to statutory tolling.

The limitations period of § 2244(d) also is subject to
equitable tolling. "Generally, a litigant seeking equitable
tolling bears the burden of establishing two elements: (1) that
he has been pursuing his rights diligently, and (2) that some
extraordinary circumstance stood in his way." Pace v.
DiGuglielmo, 544 U.S. 408, 416-17 (2005). The Third Circuit
instructs that equitable tolling is appropriate when "principles
of equity would make the rigid application of a limitation period
unfair, such as when a state prisoner faces extraordinary
circumstances that prevent him from filing a timely habeas
petition and the prisoner has exercised reasonable diligence in
attempting to investigate and bring his claims." LaCava v.
Kyler, 398 F.3d 271, 275-76 (3d Cir. 2005). Mere excusable
neglect is not sufficient. Id.; Miller, 145 F.3d at 618-19;
Jones, 195 F.3d at 159.

Extraordinary circumstances permitting equitable tolling
have been found where: (1) the petitioner has been actively
misled; (2) the petitioner has been prevented from asserting his
rights in some extraordinary way; (3) the petitioner timely
asserted his rights in the wrong forum, see Jones, 195 F.3d at
159, or (4) the court has misled a party regarding the steps that
the party needs to take to preserve a claim, see Brinson v.
Vaughn, 398 F.3d 225, 230 (3d Cir. 2005). Even where
extraordinary circumstances exist, however, "[i]f the person
seeking equitable tolling has not exercised reasonable diligence

in attempting to file after the extraordinary circumstances began, the link of causation between the extraordinary circumstances and the failure to file is broken, and the extraordinary circumstances therefore did not prevent timely filing." Brown v. Shannon, 322 F.3d 768, 773 (3d Cir. 2003) (quoting Valverde v. Stinson, 224 F.3d 129, 134 (2d Cir. 2000)).

Petitioner has alleged no facts that would suggest a basis for equitable tolling of the federal habeas limitations period. Therefore, since it appears that this Petition was filed well after the statute of limitations expired on December 9, 1998, an Order will be issued directing Petitioner to show cause why his petition should not be dismissed as time-barred.

## III. CONCLUSION

For the reasons set forth above, Petitioner will be ordered to show cause why the Petition should not be dismissed as time-barred. An appropriate order follows.

Dated: 11/14/12

DENNIS M. CAVANAUGH
United States District Judge