**NOT FOR PUBLICATION**

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| OMARI SHABAZZ, | Civil Action No. 12-3487 (DMC) |
| Petitioner, | |
| v. | **OPINION** |
| BEVERLY HASTINGS, et al., | |
| Respondents. | |

**APPEARANCES:**

**OMARI SHABAZZ**, Petitioner pro se
270622 / 970732A
East Jersey State Prison
Lock Bag R
Rahway, N.J. 07065

**CAVANAUGH**, District Judge

Petitioner Omari Shabazz ("Petitioner"), a prisoner currently confined at East Jersey State Prison in Rahway, New Jersey, has submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his convictions for robbery. The Respondents are Beverly Hastings and the Attorney General of the State of New Jersey.

By Opinion and Order (Docket Entry Nos. 3-4) entered November 14, 2012, Petitioner was directed to show cause why this Petition should not be dismissed with prejudice as untimely. Petitioner has filed his Response (Docket Entry No. 7) and this matter is now ready for decision.

# I. BACKGROUND

The relevant facts underlying Petitioner's conviction are set forth in the opinion of the

Superior Court of New Jersey, Appellate Division.[1]

> An armed assailant robbed four retail stores at gunpoint between December 27, 1993 and January 6, 1994. The stores were within a three block area, and the same modus operandi was employed in each case.
>
> ...
>
> Defendant was apprehended immediately after the last robbery, apparently while he was attempting to flee the scene of the crime.

*State of New Jersey v. Shabazz*, A-0203-10T2 (N.J. Super. Ct. App. Div. Oct. 5, 2011).

At the conclusion of a jury trial, Petitioner was convicted of three counts of first degree robbery, N.J.S.A. 2C:15-1; three counts of second degree possession of a weapon for an unlawful purpose, N.J.S.A. 2C:39-4a; and three counts of third degree unlawful possession of a weapon, N.J.S.A. 2C: 59-5b. *Id.* The trial court sentenced Petitioner to consecutive fifteen year terms in prison with five years parole ineligibility for the robbery convictions and concurrent terms of five years in prison for the weapons convictions. *Id.*

On direct appeal, the Superior Court of New Jersey, Appellate Division, affirmed the conviction and sentence. *State v. Shabazz*, No. A-5761-94 (App. Div. June 13, 1997). The Supreme Court of New Jersey denied certification on September 9, 1997. *State v. Shabazz*, 151 N.J. 468 (1997). Petitioner did not seek a writ of certiorari from the United States Supreme Court.

Petitioner filed his first state petition for post-conviction relief ("PCR") on April 21, 1999. (Pet. ¶ 11(a)(3).) According to the Petition, Petitioner's PCR petition was dismissed without prejudice on that same day for failure to file a brief. (*Id.* at ¶ 11(a)(8).)

Petitioner filed his second state petition for post-conviction relief on January 3, 2000. (*Id.*

---

[1] Pursuant to 28 U.S.C. § 2254(e)(1), "In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence."

at ¶ 11(b)(3).) His petition was denied on December 16, 2009. (*Id.* at ¶ 11(b)(8).) The Appellate Division affirmed the denial and the New Jersey Supreme Court denied certification on March 20, 2012. (Pet, Att. 5.)

On June 3, 2012, Petitioner filed the instant petition.[2]

## II. DISCUSSION

### A. Legal Standard

As amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2254 now provides, in pertinent part:

> (a) The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

United States Code Title 28, Section 2243 provides in relevant part as follows:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

Thus, "[f]ederal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994). *See also* Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition....").

A pro se pleading is held to less stringent standards than more formal pleadings drafted by

---

[2] "[A] pro se prisoner's habeas petition is deemed filed at the moment he delivers it to prison officials for mailing to the district court." *Burns v. Morton*, 134 F.3d 109, 113 (3d Cir. 1998) (citing *Houston v. Lack*, 487 U.S. 266 (1988)).

lawyers. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance. *See Royce v. Hahn*, 151 F.3d 116, 118 (3d Cir. 1998); *Lewis v. Attorney General*, 878 F.2d 714, 721–22 (3d Cir. 1989); *United States v. Brierley*, 414 F.2d 552, 555 (3d Cir. 1969). Nevertheless, a federal district court can dismiss a habeas corpus petition if it appears from the face of the petition that the petitioner is not entitled to relief. *See Lonchar v. Thomas*, 517 U.S. 314, 320 (1996); *Siers v. Ryan*, 773 F.2d 37, 45 (3d Cir. 1985).

### B. Analysis

The limitation period for a § 2254 habeas petition is set forth in 28 U.S.C. § 2244(d), which provides in pertinent part:

> (1) A 1–year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section.

Here, Petitioner alleges no facts or arguments suggesting a later starting date than the date the challenged judgment became final, under 28 U.S.C. § 2244(d)(1)(A). Thus, evaluation of the timeliness of this § 2254 petition requires determination of, first, when the pertinent judgment became "final," and, second, the period of time during which any application for state post-conviction relief was "properly filed" and "pending."

A state-court criminal judgment becomes "final" within the meaning of § 2244(d)(1) by the conclusion of direct review or by the expiration of time for seeking such review, including the 90–day period for filing a petition for writ of certiorari in the United States Supreme Court. *See Swartz v. Meyers*, 204 F.3d 417, 419 (3d Cir. 2000); *Morris v. Horn*, 187 F.3d 333, 337 n. 1 (3d Cir. 1999); U.S. Sup.Ct. R. 13.

Here, the challenged judgment became "final," and the federal habeas limitations period began to run on December 9, 1997, which is ninety days after September 9, 1997, the date the Supreme Court of New Jersey denied certification in Petitioner's direct appeal. Thus, Petitioner had until December 9, 1998 to file his federal habeas petition, unless there were grounds for tolling.

To statutorily toll the limitations period, a state petition for post-conviction relief must be "properly filed."

> An application is "filed," as that term is commonly understood, when it is delivered to, and accepted by the appropriate court officer for placement into the official record. And an application is "properly filed" when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee. In some jurisdictions the filing requirements also include, for example, preconditions imposed on particular abusive filers, or on all filers generally. But in common usage, the question whether an application has been "properly filed" is quite separate from the question whether the claims contained in the application are meritorious and free of procedural bar.

*Artuz v. Bennett*, 531 U.S. 4, 8–9 (2000) (citations and footnote omitted) (finding that a petition was not "[im]properly filed" merely because it presented claims that were procedurally barred under New York law on the grounds that they were previously determined on the merits upon an appeal from the judgment of conviction or that they could have been raised on direct appeal but were not).

Where a state court has rejected a petition for post-conviction relief as untimely, however, it was not "properly filed" and the petitioner is not entitled to statutory tolling under § 2244(d)(2). *Pace v. DiGuglielmo*, 544 U.S. 408 (2005). This is so even where, in the alternative, the state court addresses the merits of the petition in addition to finding it untimely. *Carey v. Saffold*, 536 U.S. 214, 225–26 (2002).

An application for state post-conviction relief is considered "pending" within the meaning of § 2244(d)(2), and the limitations period is statutorily tolled from the time it is "properly filed," during the period between a lower state court's decision and the filing of a notice of appeal to a higher court, *Carey v. Saffold*, 536 U.S. 214 (2002), and through the time in which an appeal could be filed, even if the appeal is never filed, *Swartz v. Meyers*, 204 F.3d at 420–24. More specifically, "[t]he time that an application for state post conviction review is 'pending' includes the period between (1) a lower court's adverse determination, and (2) the prisoner's filing of a notice of appeal, provided that the filing of the notice of appeal is timely under state law." *Evans v. Chavis*, 546 U.S. 189, 191 (2006) (finding that time between denial of post-conviction relief and filing of appeal was not tolled where appeal was untimely, even where state considered untimely appeal on its merits). However, "the time during which a state prisoner may file a petition for writ of certiorari in the United States Supreme Court from the denial of his state post-conviction petition does not toll the one year statute of limitations under 28 U.S.C. § 2244(d)(2)." *Stokes v.*

*District Attorney of the Cnty. of Philadelphia*, 247 F.3d 539, 542 (3d Cir. 2001).

Here, to permit tolling of the one-year limitations period under 28 U.S.C. § 2244(d)(2), Petitioner would have had to file his state PCR petition before the one-year period had expired, or before December 9, 1998. Otherwise, the state PCR petition would not serve to toll the statute of limitations. Petitioner did not file his first PCR petition until April 21, 1999, well after the statute of limitations had already expired.

While Petitioner does not dispute any of the foregoing dates or findings, he, nevertheless, contends that the limitations period should be equitably tolled. Petitioner states that he does not know anything about criminal law and did not always have access to a law library, but despite this, he did his best to pursue his case with due diligence.

As stated in this Court's prior opinion, the limitations period of § 2244(d) is subject to equitable tolling. "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 416–17 (2005). The Third Circuit instructs that equitable tolling is appropriate when "principles of equity would make the rigid application of a limitation period unfair, such as when a state prisoner faces extraordinary circumstances that prevent him from filing a timely habeas petition and the prisoner has exercised reasonable diligence in attempting to investigate and bring his claims." *LaCava v. Kyler*, 398 F.3d 271, 275–76 (3d Cir. 2005). Mere excusable neglect is not sufficient. *Id.*; *Miller*, 145 F.3d at 618–19; Jones, 195 F.3d at 159.

Extraordinary circumstances permitting equitable tolling have been found where: (1) the petitioner has been actively misled; (2) the petitioner has been prevented from asserting his rights in some extraordinary way; (3) the petitioner timely asserted his rights in the wrong forum, *see Jones*, 195 F.3d at 159, or (4) the court has misled a party regarding the steps that the party needs to

take to preserve a claim, *see Brinson v. Vaughn*, 398 F.3d 225, 230 (3d Cir. 2005). Even where extraordinary circumstances exist, however, "[i]f the person seeking equitable tolling has not exercised reasonable diligence in attempting to file after the extraordinary circumstances began, the link of causation between the extraordinary circumstances and the failure to file is broken, and the extraordinary circumstances therefore did not prevent timely filing." *Brown v. Shannon*, 322 F.3d 768, 773 (3d Cir. 2003) (quoting *Valverde v. Stinson*, 224 F.3d 129, 134 (2d Cir. 2000)).

This Court finds that Petitioner is not entitled to equitable tolling on the grounds that he asserts, namely, that he knows nothing about criminal law and did not always have access to a law library. First, Petitioner cannot claim his ignorance of the law or a miscalculation of the statute of limitations to excuse his late habeas petition under equitable tolling. Federal courts have consistently held that miscalculation of the time remaining on a limitations period does not constitute extraordinary circumstances to permit equitable tolling. *See Fahey*, 240 F.3d at 244; *see also Johnson v. Hendricks*, 314 F.3d 159, 161, 163 (3d Cir. 2002), *cert. denied*, 538 U.S. 1022 (2003). Furthermore, even if Petitioner was ignorant of the fact that his limitations period began to run on December 9, 1997, this ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing. *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999). Courts have been loathe to excuse late filings simply because a pro se prisoner misreads or misunderstands the law. *Delaney v. Matesanz*, 264 F.3d 7, 15 (1st Cir. 2001) ("While judges are generally lenient with pro se litigants, the Constitution does not require courts to undertake heroic measures to save pro se litigants from the readily foreseeable consequences of their own inaction."); *see also Jones*, 195 F.3d at 159–60.

Petitioner claims that he is entitled to equitable tolling because he "did not always have access to the law library." "However, without providing a good ground for viewing these conditions as an extraordinary circumstance impeding [Petitioner] from filing a timely § 2254

Petition, such conditions of confinement do not evidence the rare and extraordinary circumstances that justify equitable tolling." *Douglas v. Beard*, No. 00-4935, 2002 U.S. Dist. LEXIS 6406, 2002 WL 550474, at *5 (E.D.Pa. Apr. 12, 2002); *see also Garrick v. Vaughn*, No. 00-4845, 2003 U.S. Dist. LEXIS 26203, 2003 WL 22331774, at *4 (E.D.Pa. Sept. 5, 2003) ("Routine aspects of prison life such as lockdowns ... do not constitute extraordinary circumstances sufficient to equitably toll the statute of limitations.") (citation and internal quotations omitted); *Washington v. Byrd*, No. 00-6389, 2002 U.S. Dist. LEXIS 5010, 2002 WL 461729, at *7 (E.D.Pa. Mar. 22, 2002) (holding that lockdown and limited library access do not justify equitable tolling). Furthermore, "the petitioner [must] demonstrate a causal relationship between the extraordinary circumstances on which the claim for equitable tolling rests and the lateness of his filing." *Brown*, 322 F.3d at 773 (quoting *Valverde v. Stinson*, 224 F.3d at 134). Petitioner does not explain when this "limited access" occurred or how these circumstances affected his ability to file his federal habeas petition, especially considering the fact that he was able to file his first state petition for post-conviction relief on April 21, 1999. As such, Petitioner has not demonstrated that (1) he had been actively misled by state officials; (2) he had been prevented from asserting his rights in some extraordinary way; (3) he timely asserted his rights in the wrong forum, *see Jones*, 195 F.3d at 159, or (4) the court had misled him regarding the steps that he needed to take to preserve a claim, *see Brinson v. Vaughn*, 398 F.3d at 230.

Therefore, the Court concludes that the habeas petition is time-barred and this habeas petition will be dismissed with prejudice accordingly.

### III. CERTIFICATE OF APPEALABILITY

The Court next must determine whether a certificate of appealability should issue. *See* Third Circuit Local Appellate Rule 22.2. The Court may issue a certificate of appealability only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28

U.S.C. § 2253(c)(2). When a court denies a habeas petition on procedural grounds without reaching the underlying constitutional claim, the prisoner must demonstrate that jurists of reason would find it debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.* For the reasons discussed above, this § 2254 habeas petition is clearly time-barred. The Court also is persuaded that reasonable jurists would not debate the correctness of this conclusion. Consequently, a certificate of appealability will not be issued.

## IV. CONCLUSION

For the foregoing reasons, this Court finds that the petition for a writ of habeas corpus under 28 U.S.C. § 2254 is time-barred pursuant to 28 U.S.C. § 2244(d). No certificate of appealability will issue pursuant to 28 U.S.C. § 2253(c)(2). An appropriate order follows.

Dated: 6/24/13

DENNIS M. CAVANAUGH
United States District Judge